104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jagadish B. GARG and Pushpa Garg, Plaintiffs-Appellants,
v.
CITY of Albany, Albany Industrial Development Agency,
Anthony J. Ferrara, David F. Riker, George E.
Leville, Keith McDonald, Vincent J.
McArdle and Thomas A.Sheperdson,
Defendants-Appellees.
 No. 96-7265.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 Appearing for Appellant:Jagadish Garg and Pushpa Garg, pro se, Schenectady, NY.
 Appearing for Appellee: Vincent J. McArdle, Corporation Counsel, City of Albany, Albany, NY.
 Present LUMBARD, MESKILL, WINTER, Circuit Judges.
 
 
 1
 Jagadish and Pushpa Garg appeal from Judge McAvoy's grant of summary judgment and dismissal of their complaint for failure to state a claim and lack of subject matter jurisdiction. The Gargs claim violations of 42 U.S.C. §§ 1981, 1982, 1983 and 1985(3) arising out of a loan between Thruway Investments ("TI"), a partnership of which the Gargs are general partners, and the Albany Industrial Development Agency ("AIDA") for renovating a hotel property. The Gargs claim AIDA, Anthony Ferrara, and David Riker breached the terms of the loan, causing the Gargs to fail in obtaining a Best Western Hotel franchise. The Gargs further claim that the City of Albany, together with David McArdle and Keith McDonald, fraudulently overassessed the tax on TI's property. The Gargs contend that the combined burden of the taxes and the denial of the franchise forced them into Chapter 11 bankruptcy and Chapter 7 liquidation proceedings. In addition, the Gargs make several claims relating to the defendants' alleged interference with the sale of the hotel property. The Gargs argue that all of these allegations involve intentional discrimination based on race, ethnicity or national origin.
 
 
 2
 Judge McAvoy correctly dismissed the breach of contract claims because breach of contract by state officials, by itself, does not amount to a violation of due process. S & D Maintenance Co. v. Goldin, 844 F.2d 962, 967 (2d Cir.1988). The Gargs' allegations of discrimination on the basis of race fail because they are entirely conclusory and therefore insufficient to create a general issue of material fact. The Gargs' allegation of fraudulent tax assessment also fails. Based on a sentence in a newspaper article suggesting that some city officials may have improperly taxed property for political motives, the claim lacks evidence of an intent to discriminate based on race, ethnicity or national origin. Moreover, we lack jurisdiction over a challenge to the property tax. Tax Injunction Act, 28 U.S.C. § 1341. Finally, the district court acted within its discretion in declining to exercise its jurisdiction over any supplemental state law claims. Accordingly, we affirm.
 
 
 3
 The defendants have moved for double costs and attorney's fees under Rule 38, Fed.R.Civ.P. and 42 U.S.C. § 1988. We deny the motion.